IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Anthony C. Callaham, | ) |
| | ) Civil Action No. 9:16-3591-TMC |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| Nancy A. Berryhill, | ) |
| Acting Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff, Anthony C. Callaham ("Callaham"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"),[1] denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the Magistrate Judge's Report and Recommendation ("Report"), recommending the court to affirm the Commissioner's decision. (ECF No. 11).[2] In the Report, the Magistrate Judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Callaham has filed objections to the Report (ECF No. 13), and the Commissioner has responded to those objections (ECF No. 15). Accordingly, this matter is now ripe for review.

---

[1]Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017. Pursuant to Fed.R.Civ.P.25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2]A magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I. BACKGROUND

On June 18, 2013, Callaham applied for DIB, alleging disability beginning on December 11, 2012, due to rheumatoid arthritis, lumbar disc degeneration, numbness, bulging disc in his lower back, nerve damage in his left leg, and poor blood circulation in his hands. Callaham's application was denied initially and on reconsideration. On August 20, 2015, an Administrative Law Judge ("ALJ") held a hearing and heard testimony from Callahm and a vocational expert ("VE").

On October 28, 2015, the ALJ denied Callaham's claim for DIB. In his decision, the ALJ found that Callaham suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, atrial fibrillation, chronic adhesive capsulitis of the right shoulder, and patellofemoral syndrome. (ECF No. 6-2 at 18). The ALJ then concluded that despite limitations, Callaham could perform jobs that exist in significant numbers in the national economy. (ECF No. 6-2 at 30-31). Callaham sought review of his case by the Appeals Council. The Appeals Council denied Callahm's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## II. STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for

that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III. DISCUSSION

In his objections, Callaham contends the Magistrate Judge erred in recommending affirming the ALJ's decision based upon the decision being supported by substantial evidence when he alleges an incorrect legal standard was applied. Specifically, Callaham contends that the ALJ applied an improper legal standard in assessing his complaints of pain when he required that there be "clinical correlation of his symptomology to the degree of debility alleged with objective findings on examination." (Objections at 3). Callaham argues that this in direct conflict with a SSA regulation, 20 CFR § 404.1529. Moreover, he argues that the ALJ did not follow Social Security Ruling ("SSR") 96-7p (now superseded), which governed the assessment of credibility at the time of the Commissioner's decision.[3]

---

[3]Subsequent to the ALJ's decision in this case, the SSA superseded SSR 96-7p with SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). See also 2016 WL 1237954 (correcting the effective date of SSR 16-3p to read March 28, 2016). SSR 16-3p eliminates use of the term "credibility," and clarifies that subjective symptom evaluation is not an examination of an individual's character. Although SSR 16-3p eliminates the term credibility, it requires assessment of most of the factors previously considered under SSR 96-7p. Because the ALJ decided this case prior to March 28, 2016, the court analyzes the ALJ's decision based on the provisions of SSR 96-7p, which required assessment of the claimant's credibility. See *Best v. Berryhill*, No. 0:15-cv-02990 -DCN, 2017 WL 835350, at *4 n.3 (Mar. 3, 2017) (applying SSR 96-7p under the same circumstances).

In his Report, the Magistrate Judge set forth an extensive summary of Callaham's medical records. (Report at 3-11). The Magistrate Judge then addressed whether the ALJ erred by applying an improper standard when he noted that there was no "clinical correlation" of the symptomology to "the degree of debility with objective findings on examination." (Report at 12). The Magistrate Judge stated that Callaham was basically challenging the ALJ's discounting of his subjective complaints and the use of the quoted boilerplate language in doing so. *Id.* The Magistrate Judge noted that the ALJ set out the proper two-step process for evaluating subjective complaints and noted that he had considered all the evidence. (Report at 13). The Magistrate Judge concluded that he could discern no reversible error in the ALJ's evaluation. *Id.*

As noted by the ALJ and Magistrate Judge, under 20 C.F.R. § 404.1529(b), "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The threshold requirement is that there be "a showing by objective [medical] evidence of the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." *Id.* (internal quotation marks omitted). Once the ALJ concludes that this threshold requirement has been met, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." *Id.* at 595 (citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1))). "[T]his evaluation must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.*

4

(internal citation omitted).[4] The ALJ may not disregard or discredit a claimant's statements about pain "solely because they are not substantiated by objective medical evidence." SSR 96-7p; see also *Craig*, 76 F.3d at 595. The Fourth Circuit has held that once a claimant meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [a claimant is] entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that [the] pain is so continuous and/or severe that it prevents [claimant] from working a full day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). However,

> [t]his is not to say . . . that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers. . . .

*Craig*, 76 F.3d at 595. Finally, the ALJ's "determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

Here, the ALJ properly took into account Callaham's daily activities and medical treatments in evaluating his subjective complaints, and could, under *Craig*, look to inconsistencies between objective treatment and activities and subjective pain in assessing Callaham's credibility and finding him not fully credible. The ALJ also noted that Callaham's findings on examination, which he

---

[4] In evaluating subjective complaints of disability, the ALJ must take into account the following factors: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 CFR § 404.1529(c)(3).

5

discussed extensively, supported his credibility determination that "[a]lthough [Callaham's] subjective medical evidence may have some merit, the totality of the supporting medical evidence does not support his subjective pain complaints. (ECF No. 6-2 at 26).

## IV. CONCLUSION

Having conducted the required de novo review of the issues to which Callaham has objected, the court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the Magistrate Judge in his Report and finds the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 11), and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                        s/Timothy M. Cain
                                                       United States District Judge

December 11, 2017
Anderson, South Carolina